# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RONALD L. HODGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 10-CV-0067-CVE-TLW** |
| | ) |
| **STANLEY GLANZ, Sheriff of Tulsa County,** | ) |
| **in his personal capacity, and official capacity,** | ) |
| **and TULSA COUNTY BOARD OF** | ) |
| **COMMISSIONERS,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>OPINION AND ORDER</u>

Now before the Court is defendant Stanley Glanz's Partial Motion to Dismiss Plaintiff's §

1981 Claim and Claims for Punitive Damages and Brief in Support (Dkt. # 11).  Glanz asks the

Court to dismiss plaintiff's 42 U.S.C. § 1981 claim (Third Claim for Relief), and plaintiff's claims

for punitive damages under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e <u>et</u> <u>seq.</u> (Title VII), and the Americans with Disabilities Act,  42 U.S.C. § 12101 <u>et</u> <u>seq.</u>

(ADA) (included in plaintiff's First, Second, Fourth, Fifth, Sixth, and Seventh Claims for Relief).

## I.

Ronald L. Hodge is an African-American male and was employed by the Tulsa County

Sheriff's Office from September 2001 to January 2008.  He alleges that he received less desirable

shifts and work assignments than Caucasian employees, and he complained about this difference in

treatment numerous times. Dkt. # 2, at 3-4.  He claims that his employer retaliated against him after

complained about the alleged disparate treatment.  <u>Id.</u> at 4.  He claims that he was not selected for

training with Immigration and Customs Enforcement (ICE), even though he had been employed

longer than other Caucasian employees who were selected to attend ICE training and he was better qualified that those selected.  Id.  Hodge also alleges that he suffers from kidney failure and his employer refused to accommodate his disability.  Id.  He claims that he was forced to resign due to harassment based on his alleged disability, and he was constructively discharged from his employment with the Sheriff's Office.  Id. at 5.

On February 3, 2010, plaintiff filed this lawsuit alleging numerous employment discrimination claims against Glanz and the Board of County Commissioners of Tulsa County (the Board): (1) failure to promote in violation of Title VII against the Board and Glanz in his official capacity; (2) "failure to ensure a non-hostile work environment" in violation of Title VII against the Board and Glanz in his official capacity; (3) racial discrimination in violation of § 1981 against the Board and Glanz in his official capacity; (4) application of facially neutral workplace policy with disparate impact on African-American employees in violation of Title VII against the Board and Glanz in his official capacity; (5) retaliation in violation of Title VII against the Board and Glanz in his official capacity; (6) racial discrimination in violation of § 1983 against the Board and Glanz in his official and individual capacities; and (7) termination in violation of the ADA against the Board and Glanz in his official capacity.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its

face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, the United States Supreme Court recently held that Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Glanz asks the Court to dismiss plaintiff's § 1981 claim and claims for punitive damages as to his remaining claims against Glanz. Plaintiff concedes that his § 1981 claim and his claims for punitive damages under Title VII, ADA, and § 1983 against Glanz in his official capacity should be dismissed, but argues that he may be able to obtain punitive damages against Glanz in his individual capacity under § 1983. Dkt. # 13, at 1. Thus, the only remaining issue is whether plaintiff's claim for punitive damages against Glanz in his individual capacity under §1983 should be dismissed.

The law is settled that a plaintiff may not recover punitive damages against a municipality under §1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270-71 (1981); Youren v. Tintic School Dist., 343 F.3d 1296, 1307 (10th Cir. 2003). A claim against a sheriff in his official capacity is treated as claim against a municipality, and punitive damages are not available in a § 1983 claim against a sheriff in his official capacity. Minix v. Canarecci, 597 F.3d 824, 830 (7th Cir. 2010); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995). However, a plaintiff may be able to recover punitive damages against a sheriff in his individual capacity, because a suit against a sheriff in his individual capacity is not treated as a claim against the municipality. See Smith v. Wade, 461 U.S. 30 (1983); Gaines v. Choctaw County Comm'n, 242 F. Supp. 3d 1153 (S.D. Ala. 2003); Scheideman v. Shawnee County Bd. of County Commr's, 895 F. Supp. 279, 283 (D. Kan. 1995). In this case, plaintiff is seeking punitive damages against Glanz in his official and individual capacities. While plaintiff may not recover punitive damages against Glanz in his official capacity, his demand for punitive damages against Glanz in his individual capacity is not barred as a matter of law, and he should be permitted to proceed with that aspect of his § 1983 claim.[1]

**IT IS THEREFORE ORDERED** that defendant Stanley Glanz's Partial Motion to Dismiss Plaintiff's § 1981 Claim and Claims for Punitive Damages and Brief in Support (Dkt. # 11) is **granted in part** and **denied in part**. Plaintiff's § 1981 claim (Third Claim for Relief) is **dismissed**,

---

[1]     Glanz states that "[a]s a matter of law, employment discrimination plaintiffs may not request punitive damages when they have named the sheriff in their [sic] individual capacity." Dkt. # 11, at 4. This statement is contained within Glanz's argument that a plaintiff may not sue a municipal employer for punitive damages, and the reference to the sheriff's "individual" capacity appears to be a typographical error. This conclusion is supported by Glanz's reference to Colvin, which held that a plaintiff may seek punitive damages under § 1983 against a sheriff in his individual capacity, but the court found that the plaintiff had sued the sheriff in his official capacity only. Colvin, 62 F.3d at 1219.

4

and plaintiff's claims for punitive damages against Glanz under Title VII, the ADA, and Glanz in his official capacity under § 1983 are **dismissed**.  However, defendant's motion is denied as to dismissal of plaintiff's claim for punitive damages under § 1983 against Glanz in his individual capacity.

  **DATED** this 13th day of April, 2010.

<br/>

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT